FILED

2008 Nov-10  AM 11:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JUSTIN LADNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:07-CV-1386-VEH** |
| | ) | |
| **LITESPEED MANUFACTURING** | ) | |
| **COMPANY, a Tennessee** | ) | |
| **Corporation, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S RENEWED MOTION
## <u>FOR PERMISSION TO AMEND THE COMPLAINT</u>

The court has before it Plaintiff's Renewed Motion for Permission to Amend the Complaint. (Doc. 37). The Defendants have opposed the Motion. (Opposition, doc. 40). Defendants' opposition states that: (1) "[t]he time for amendments under the Court's Scheduling Order expired some time ago"; (2) "Defendant has already filed an extensive Motion for Summary Judgment on the issues set forth in the Complaint"; and (3) "[a]n amendment at this juncture <u>might</u> require that Defendant request discovery or re-brief the issue sought to be added." (Emphasis supplied).

The court has carefully reviewed all the pleadings in the file. Additionally, the

court held a hearing on November 7, 2008, at which it expressly and repeatedly asked the Defendants to identify what specific prejudice they would proffer if the court were to allow the amendment. The Defendants failed to identify any such specific prejudice. In particular, the Defendants failed to identify any additional discovery or rebriefing that would be required if the Motion were granted.

The court finds that the interests of justice would be served by allowing the amendment. Specifically, the plaintiff first sought leave on June 27, 2008, to file an identical amended complaint. Such leave was sought before discovery had closed (the deadline had been extended by the Court, at the joint request of the parties, to August 30, 2008), the issue of Plaintiff's "duty ... to have knowledge with reference to inspecting, repair, removal and information regarding proper maintenance and care of the bicycle fork" had been raised by the Defendants (*see* doc. 29, par. 5), and the deposition of Defendants' "expert", Brad DeVaney, had not yet occurred. The timely Motion for leave to amend was denied by the court without prejudice simply because the Plaintiff had not stated whether or not the Motion was opposed, in violation of the court's prior order. However, the court notes that both parties have frequently violated the court's orders and the court has not been consistent in enforcing its orders in this case. Specifically, the Defendants have filed a Motion for Summary Judgment and Brief (doc. 33) that is 57 pages long - 27 pages longer than the court permits, without

2

seeking leave of the court.

Further, the court has read the Defendants' Motion for Summary Judgment and Brief.  That brief sets out six "issues" in the case.  Issue IV is stated as follows: "<u>Whether the warnings in the Owner's Manual and Plaintiff's failure to read or follow them</u> (a) obviated any danger in the use of the bicycle fork, (b) <u>preclude a "failure-to-warn" products liability case</u>, and (c) bar Plaintiff's Complaint."  (Emphasis supplied).

Defendants' brief goes on to state:

> No Failure-to-Warn Claim is Pending.
>
> There is no failure-to-warn claim in this case.  Although Plaintiff filed a Motion to permit same, Plaintiff did not comply with the Court's instructions to accomplish this amendment, and the amendment was never filed under the Court's instructions.  <u>Defendant shows below that one is precluded anyway, and that the Plaintiff is barred because he did not read or follow the warnings.</u>  The legal principle is simple: if you don't read the warnings, you cannot recover for something the warnings tried to tell you about in advance.  There are several different cubby-holes into which this simple principle is placed:  proximate cause, legally obviating danger, and contributory negligence.
>
> Plaintiff Did Not Read or Follow the Owner's Manual, Which Bars His Complaint.
>
> A negligent failure to warn case should not be decided by a jury if there is no evidence that the owner of the product would have read and heeded the warning.  *Deere & Co. v. Grose*, 586 So.2d 196 (Ala. 1991).  The evidence in this case is clear that the Plaintiff Justin Ladner did not read the warnings in the Owner's Manual or even retain a copy of it, both being recommended in the Owner's Manual.  (Owner's Manual – pg 1).  In fact, the Owner's Manual specifically states it cannot contain all the

3

maintenance information, and that experienced mechanics should be consulted after every 50 hours of on-road use for a "complete checkup." (Owner's Manual – pg 51). The Litespeed Limited Warranty specifically excluded and disclaimed any warranty for the fork. (Owner's Manual – inside front cover). But not reading the warnings does more than simply bar one of Plaintiff's potential claims:

In *Gurley v. American Honda Motor Co.*, 505 So.2d 358 (Ala. 1987), the Supreme Court of Alabama upheld the grant of summary judgment in a product liability suit alleging defective manufacture and failure to warn where the plaintiff did not read or comply with the owner's manual. The Honda motorcycle was for operator's only and a "No Passengers" warning was given in a decal and in the owner's manual. Id. Honda warned purchasers to read the owner's manual. Contrary to the warnings, the plaintiff rode double as a passenger on the Honda motorcycle and was injured. The Supreme Court found the warnings adequate as a matter of law and held that Honda had discharged its duty. Id. Thus, American Bicycle Group's duty can be discharged with adequate warnings.

In *Henry v. General Motors Corporation*, 60 F.3d 1545 (11th Cir. 1995), the Eleventh Circuit upheld summary judgment in a products liability case where the illiterate truck jack user did not read the instructions. The Eleventh Circuit found in Henry that under Georgia law, "a product user's failure to read an allegedly negligent warning, not the warning itself, is considered the proximate cause of an injury resulting from product misuse." *Id.*, 1548. The Eleventh Circuit opinion addresses the failure to read the warnings in terms of proximate cause, which has the same legal effect as a finding that the Defendant had discharged its duty by issuing the warnings. Whether expressed in terms of duty or proximate cause, the end result is the same: dismissal of the products liability suit for failure to read and follow the warnings.

The Litespeed Owner's Manual contains the following warnings, several of which by themselves warned Plaintiff what could happen:

"WARNING: A crash or other impact can put extraordinary stress

4

on bicycle components, causing them to fatigue prematurely." The Plaintiff sustained such a crash and impact in July 2006 and yet never took his bike to his dealer Bob's Bikes, and never had the fork fully inspected.

"Perhaps most vulnerable to jumping-related damage is your front fork." (Owner's Manual, pg 12). This warns that the front fork is most vulnerable, as Plaintiff already knew, and indicated a close inspection of the fork was justified after the July 2006 accident.

"WARNING: Like any mechanical device, a bicycle and its components are subject to wear and stress. Different material and mechanisms wear or fatigue from stress at different rates and have different life cycles. If a component's life cycle is exceeded, the component can suddenly and catastrophically fail, causing serious injury or death to the rider. Scratches, cracks, fraying and discoloration are signs of stress-caused fatigue and indicate that a part is at the end of its useful life and needs to be replaced. While the materials and workmanship of your bicycle or of individual components may be covered by a warranty for a specified period of time by the manufacturer, this is no guarantee that the product will last the term of the warranty. Product life is often related to the kind of riding you do and to the treatment to which you submit the bicycle." (Owner's Manual, pg 50). If the fork had a crack underneath the head tube and/or behind the lower crown race, as Brad DeVaney's Affidavit indicates, it should have been replaced by the Plaintiff, who himself admits that cracks and discoloration are warning signs of danger.

"Every 25 (off-road) to 50 (on-road) hours of riding, take your bike to your dealer for a complete checkup." This is what Plaintiff never did, preferring to use a much less experienced mechanic who did not sell or work on $8,000.00 bikes much at the VeloCity bicycle shop and whose Affidavit shows he never took the fork out to inspect it for damage.

"WARNING: A crash or other impact can put extraordinary stress on bicycle components, causing them to fatigue prematurely. Components suffering from stress fatigue can fail suddenly and

5

catastrophically, causing loss of control, serious injury or death."
(Owner's Manual, pg 56).  Plaintiff is clearly warned that the July 2006
crash, which probably put a small crack in his fork, could cause the fork
to fail prematurely with continued use.

The lack of proximate cause, the discharge of the Defendant's duty,
and contributory negligence – we just need a finding as a matter of law
on one of these elements – are all shown as a matter of law by the
Plaintiff's failure to:  (1) read the clear warnings and instructions in the
Owner's Manual; (2) retain a copy of the Owner's Manual for future use;
(3) adequately maintain his professional-caliber bicycle per the Owner's
Manual or best practices; (4) assume he knew everything he needed to
know, a false assumption; (5) regularly take the bike to his dealer Bob
Bike's, as frequently recommended in the Owner's Manual, instead of a
shop that was not his dealer for this bike; (6) properly and fully inspect
or have his mechanic inspect the bicycle fork after his July 2006
accident, including removal of all removable parts from the fork; and
most importantly, (7) find the small crack or damage which was likely
present at some point after the July 2006 accident and which continued
to deteriorate; and (8) generally heed the clear warnings and instructions
in the Owner's Manual.  Although proximate cause and contributory
negligence are usually jury issues, the Owner's Manual and all of the true
expert testimony in this case – namely the Affidavit of Brad DeVaney –
indicates Plaintiff was contributorily negligent.  Or, as the 11th Circuit
states, his failure to read the warnings was the proximate cause of his
accident.   Or, as the Alabama Supreme Court states, Defendant
discharged its duty with the Owner's Manual.

(Doc. 33, *passim*).  (Emphasis supplied).

The Owner's Manual, Brad DeVaney's Affidavit, and Justin Ladner's

deposition, all of which are relied on in this section of Defendants' brief[1], are all

---

[1]  Although without any reference to any specific fact or citation in this section to the
record.  Apparently, the Court is expected to sift through the Defendants' 42 pages of "facts" and
decide which ones the Defendants are referring to in their arguments.  However, the court notes
that Facts 10, 11, 12, 13, 14, 15, 18, 19, 20, 21, 22, 23, 30 and 43 all are cited as setti8ng out the
Plaintiff's knowledge of carbon fiber forks and failures of them and of maintenance of bicycles,

CASE 2:07-cv-01386-VEH-JEO

exhibits to the Motion and Brief.

The court finds that the Defendants were on notice of Plaintiff's proposed additional theory of "failure to warn" liability, that they had the exact language of the proposed amended complaint, that Defendants first raised the issue of warnings and the impact of warnings in this case, and that they proceeded to develop their defense, including warnings as "a shield"[2] and to refute the "failure to warn" theory, and to present both these defenses to the court even though the amended complaint had not yet been allowed. Indeed, of Defendants' Summary Judgment Motion and Brief, 39 pages are devoted to the "Statement of Undisputed Facts" and 12 pages to "Argument". Of those 12 pages, 7 pages - over half - are devoted to the issue of warnings (that is, that there is no liability for failure to warn because adequate warnings were in fact given). This is so even though the effect of Defendants' alleged warnings is only one of six issues identified by the Defendants. Clearly, based on the number of pages of argument they allotted to this issue, it was the most important issue.

"At the summary judgment stage, the proper procedure for plaintiff[] to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a)."

---

and that "facts" 39, 40, and 41 (with many subparts) are all references to "warnings" in the Owner's Manual.

[2] Oral argument of counsel for Defendants, November 7, 2008.

*Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).  That is what Plaintiff seeks to do.  Under all of the facts and circumstances of this case, the court finds that it would be an abuse of discretion not to allow the amended complaint because the Defendants were on notice and would not be prejudiced by the court's granting the motion.  *See*, *Proctor v. Fluor Enterprises, Inc.*  494 F.3d 1337, 1352 (11th Cir. 2007) ("In a case like this one, the reality of notice and the reality of prejudice in fact must be considered.").  Alternatively, in the exercise of the court's discretion, the motion is due to be granted.

For the reasons set forth above, Plaintiff's Renewed Motion for Permission to Amend the Complaint is **GRANTED**.  Due to cm/ecf requirements, the Plaintiff shall file his Amended Complaint with the clerk **no later than 10 days from the date of this Order.**  Defendants' Answer shall be due **no later than eleven (11) days thereafter.**

If Defendants wish to re-open discovery or to re-brief any issue based on this ruling, they may file a motion setting out with specificity the additional discovery or re-briefing they seek.  **ANY SUCH MOTION MUST BE FILED NO LATER THAN THE DATE THEIR ANSWER IS DUE**.  Per prior orders of the court, any party filing a non-dispositive motion must first consult with opposing counsel to see whether or not the motion will be opposed and must advise the court to that effect.

8

Further, as discussed prior to oral argument on November 7, 2008, the parties are **DIRECTED** to consult each other and file, if they can agree, a **NOTICE OF DISMISSAL** of any Defendants who are not properly parties to this case.

**DONE** and **ORDERED** this the 10th day of November, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge